**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BILLY DRIVER, Jr., <br><br> Plaintiff - Appellant, <br><br> v. <br><br> L. D. ZAMORA, in individual capacity and Chief Health Care Appeals, in official capacity; et al., <br><br> Defendants - Appellees. | No. 14-56519 <br><br> D.C. No. 2:14-cv-02170-BRO-AGR <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Beverly Reid O'Connell, District Judge, Presiding

Submitted October 14, 2015[**]

Before:   SILVERMAN, BERZON, and WATFORD, Circuit Judges.

California state prisoner Billy Driver, Jr., appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging deliberate

indifference to his serious medical needs.  We have jurisdiction under 28 U.S.C.

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1291. We review de novo the district court's dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2). *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order). We affirm.

The district court properly dismissed Driver's action because Driver failed to allege facts sufficient to show that defendants were deliberately indifferent to his serious medical needs by denying his request for prostate and colon treatment from an outside hospital. *See Toguchi v. Chung*, 391 F.3d 1051, 1057-60 (9th Cir. 2004) (a prison official is deliberately indifferent only if he or she knows of and disregards an excessive risk to inmate health; neither a difference of opinion concerning the course of treatment nor negligence in diagnosing or treating a medical condition amounts to deliberate indifference); *Nat'l Ass'n for the Advancement of Psychoanalysis v. Cal. Bd. of Psychology*, 228 F.3d 1043, 1049 (9th Cir. 2000) (in determining whether a complaint states a claim for relief, a court may consider facts contained in documents attached to the complaint).

The district court did not abuse its discretion in denying Driver's requests for appointment of counsel and a special master. *See Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1102-04 (9th Cir. 2004) (setting forth standard of review for appointment of counsel and describing the factors to be considered before appointing counsel); *United States v. Suquamish Indian Tribe*, 901 F.2d 772, 774-

75 (9th Cir. 1990) (setting forth standard of review for appointment of a special master and explaining that a special master is only appointed under exceptional conditions).

We reject Driver's contentions that his consent to proceed before the magistrate judge was required before the magistrate judge could screen his complaint or submit her report and recommendation to the district court.  *See* 28 U.S.C. § 636(b)(1)(A)-(B).

We do not consider facts or documents not presented to the district court. *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990) ("Documents or facts not presented to the district court are not part of the record on appeal.").

We do not consider issues or arguments not specifically and distinctly raised and argued in the opening brief.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

Driver's request for judicial notice, set forth in his opening brief, is denied.

**AFFIRMED.**